IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RUTH ANN THOMPSON                                                                                  PLAINTIFF

vs.                                            Civil No. 4:10-cv-04002

MICHAEL J. ASTRUE                                                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Ruth Ann Thompson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed an application for SSI on September 17, 2007. (Tr. 41, 94-96). In her application, Plaintiff alleged she was disabled due to a right knee replacement, chronic arthritis in her right leg and both knees, metal plate in her right wrist, chest pains, depression, and high blood pressure. (Tr. 106). At the administrative hearing in this matter, Plaintiff testified regarding her symptoms from her depressive disorder, wrist inflammation and flexibility, knee problems from a knee replacement, arm

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

pain, and hip pain. (Tr. 20-29). Plaintiff alleged an onset date of January 1, 2006. (Tr. 94). This application was denied initially and again upon reconsideration. (Tr. 36-37).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 65-82). An administrative hearing was held on March 9, 2009 in Texarkana, Arkansas. (Tr. 7-35). Plaintiff was present and was represented by non-attorney counsel at this hearing. *Id.* Plaintiff, Dr. Betty Feir, Ph.D., and Vocational Expert ("VE") Dwight Turner testified at this hearing. *Id.*

On May 13, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 41-49). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 17, 2007, her application date. (Tr. 43, Finding 1). The ALJ determined Plaintiff had the following severe impairments: osteoarthritis and a bereavement syndrome. (Tr. 43, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 43, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 43-47, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except no balancing, no climbing of ladders, ropes or scaffolds, no work at unprotected heights and no work around dangerous moving machinery. She can

perform simple routine type work.

*Id*.

The ALJ determined Plaintiff was born on April 11, 1955, was fifty-two (52) years old, and was classified as an individual closely approaching advanced age pursuant to 20 C.F.R. § 416.963(d) on the date her application was filed. (Tr. 47, Finding 6). The ALJ determined Plaintiff had a limited education and was able to communicate in English. (Tr. 48, Finding 7).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 47, Finding 5). The ALJ determined Plaintiff had no PRW. (Tr. 47, Finding 5). The ALJ also determined, however, that there was other work Plaintiff could perform in the national economy, considering her age, education, work experience, and RFC. (Tr. 48-49, Finding 9). The ALJ based this finding upon the testimony of the VE. *Id.* The VE testified, considering Plaintiff's limitations, a hypothetical person would be able to perform the requirements of representative occupations such as motel cleaner (unskilled, light) with 125,000 such jobs in the state and 880,000 such jobs in the nation and "car hop/counter attendant" (unskilled, light) with 140,000 such jobs in the state and 2,000,000 such jobs in the nation. (Tr. 48). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability as defined by the Act since September 17, 2007, the date her application was filed. (Tr. 49, Finding 10).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 5). *See* 20 C.F.R. § 404.968. On November 21, 2009, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On May 7, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 25, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the

familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff argues one issue: the ALJ improperly found her headaches did not qualify as a severe impairment. ECF No. 8. In support of her argument, Plaintiff references several medical records which indicate her headaches should be considered a severe impairment. (Tr. 181, 297, 354). Plaintiff, however, also recognizes that despite her current claim that her headaches cause her to be disabled, she did not raise this issue in either her disability application or at the administrative hearing on this matter. ECF No. 10 at 3-5. This Court has also reviewed both her disability application and her testimony at the administrative hearing and finds she did not reference her headaches in either her application or at the hearing. (Tr. 20-29, 106).

Because she did not claim her headaches were disabling in either her application or at the hearing, the ALJ was under no duty to investigate her alleged headaches. *See Pena v. Chater,* 76 F.3d

906, 909 (8th Cir. 1996) (holding that "the administrative law judge is under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.'" (*quoting Brockman v. Sullivan,* 987 F.2d 1344, 1348 (8th Cir. 1993))). Accordingly, this Court cannot find the ALJ committed reversible error by failing to find Plaintiff's headaches qualified as a severe impairment. *See id.*

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of January, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE